IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lupita Lopez, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Mauisun Computer Systems Incorporated, <br><br> Defendant. | No. CV-12-00414-TUC-BPV <br><br> **ORDER** |

Pending before the Court is Plaintiffs Cornejo's and Sierra's motion to compel discovery. (Doc. 137). Defendant has filed a response in opposition (Doc. 139), and Plaintiff Cornejo has filed a reply (Doc. 140).

Also pending before the Court is Defendant's motion to quash or modify the subpoena issued to non-party Thomas Rooney. (Doc. 138). Plaintiffs have filed responses in opposition (Docs. 141, 142), and Defendant has filed a reply (Doc. 143). The Court will not grant the Plaintiff's request for oral argument because the parties submitted memoranda thoroughly discussing the law and evidence in support of their positions, and oral argument would not have aided the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

Plaintiffs seek responses to requests for production, Requests 7, 8, and 9, requesting financial information for the years 2010 through 2014, specifically income tax returns, financial reports and documents, and balance sheets and profit and loss statements. Plaintiffs assert that they have the right to discover this financial information from Defendant without having to establish a prima facie case on the issue of punitive damages. Defendant opposes the motion to compel, arguing that Defendant's wealth is not related to Plaintiff's request for punitive damages, and, alternatively, if it is, then its wealth has been disclosed. The Court disagrees on both counts.

A defendant's "financial information is relevant" where a plaintiff states a claim for punitive damages. See *EEOC v. Cal. Psych. Transitions*, 258 F.R.D. 391, 394–95 (E.D.Cal. 2009) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981) (observing that evidence of a defendant's financial worth is traditionally admissible under federal law to evaluate the amount of punitive damages that should be awarded)). Although the Ninth Circuit has not established "the parameters of the dissemination of financial information during discovery when punitive damages are alleged," a majority of federal courts do not require the plaintiff to demonstrate punitive damages will be recovered "to discover information relating to the defendant's financial condition in advance of trial." *Cal. Psych. Transitions*, 258 F.R.D. at 394–95. Rather, "a majority of federal courts permit discovery of financial information about the defendant without requiring [the] plaintiff to establish a prima facie case on the issue of damages." *CEH, Inc. v. FV Seafarer*, 153 F.R.D. 491, 498, (D.R.I. 1994) (citations omitted). Because "[t]he discovery of financial information [is] relevant to a punitive damages claim," it is permissible under the Federal Rules of Civil Procedure without a prima facie showing by Plaintiff. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 286 (C.D.Cal.1998).

Plaintiffs have alleged facts that, if true, could give rise to an award of punitive damages. Defendant avowed that it has not prepared annual reports, profit and loss statements, or balance sheets; neither has it undergone any audit (whether voluntary or compelled) or applied for loans or other credit. That is, Defendant has none of the

information requested in Requests 8 or 9. Because of Defendant's alleged lack of any financial records, Defendant's federal income tax returns are all the more relevant. Defendant's conclusory assertion that its wealth has been disclosed and thus financial information, specifically income tax returns, are not relevant to the question of punitive damages, is not supported by the record before the Court. Plaintiffs' motion to compel is granted.

Defendant further argues that Plaintiff's subpoena requesting that an accountant produce federal and state tax records for Defendant and eleven entities incorporated by the owners of Defendant Mauisun Computer Systems, ("FreedomSmoke"), should be quashed because the information sought is privileged, confidential information about non-parties. The exhibits submitted with Plaintiff's opposition demonstrate that Defendant has been less than forthcoming with information about Defendant's financial status, and the non-party owners have referred repeatedly to Defendant Mauisun as "doing business as FreedomSmoke", and the Arizona Civil Rights Division included FreedomSmoke in its correspondence, charges of discrimination, and in discovery. Furthermore, non-party owner David Detloff directed Plaintiff to his accountant as the best source to obtain financial information about his companies. However, the Court finds that the tax records of the non-parties are outside the scope of what the Court should order produced. The Court grants the motion to quash to the extent Defendant seeks to quash the production of federal and state tax records for the eleven "FreedomSmoke" entities. The motion is denied as to Plaintiffs' request to seek production of federal and state tax records for Defendant Mauisun.

Accordingly,

IT IS ORDERED Plaintiff's Motion to Compel (Doc. 137) is GRANTED.

IT IS FURTHER ORDERED Defendant's Motion to Quash or Modify Subpoena (Doc. 138) is GRANTED IN PART, as to the production of federal and state tax records for the "FreedomSmoke" entitites, and DENIED IN PART as to the production of federal

and state tax records for Defendant Mauisun.

IT IS FURTHER ORDERED that the information obtained from the subpoena cannot be disseminated and must be destroyed following the litigation. Defendant may proffer a proposed protective order within five (5) days of the filing date of this Order.

Dated this 6th day of May, 2015.

_____
Bernardo P. Velasco
United States Magistrate Judge