WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lupita Lopez, et al., | No. CV-12-00414-TUC-BPV |
| Plaintiffs, | **ORDER** |
| v. | |
| Mauisun Computer Systems, Inc., et. al., | |
| Defendants. | |

Pending before the Court are Plaintiffs Maria Cornejo and Yareli Sierra's Application for Attorney's Fees Re Motion to Compel (Doc. 147) and Motion for Finding of Contempt and Sanctions (Doc. 172). Defendant Mauisun Computer Systems, Inc. ("Defendant") has filed responses (Docs. 157, 180) to the motions and Plaintiffs Cornejo and Sierra ("Plaintiffs") have filed replies (Docs. 162, 183). The motions came on for oral argument on January 28, 2016.

**I.   Plaintiffs' Application for Attorney's Fees Re Motion to Compel Discovery (Doc. 147)**

On May 6, 2015, this Court entered an order granting Plaintiffs Cornejo and

Sierra's Motion to Compel Discovery (Doc. 145) pertaining to Defendant's financial information.  Pursuant to Fed.R.Civ.P. 37(a)(5)(A), Plaintiffs Cornejo and Sierra ("Plaintiffs") now seek $7,230.00 in attorney's fees incurred with regard to their Motion to Compel Discovery (*see* Docs. 147, 162).  Under Rule 37(a)(5)(A), if a motion to compel discovery is granted:

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A); *see also Marquis v. Chrysler Corp.,* 577 F.2d 624, 641-42 (9th Cir. 1978) ("When a party's conduct during discovery necessitates its opponent's bringing motions which otherwise would have been unnecessary, the court may properly order it to pay the moving party's expenses unless its conduct was 'substantially justified' or other circumstances make the award 'unjust.'") (quoting former version of Rule 37). Whether to award fees is within the trial court's discretion. *Marquis,* 577 F.2d at 643.

Plaintiffs argue they are entitled to fees because the Court granted their motion to compel in full and because Defendant was not substantially justified in opposing the motion, nor is an award of expenses unjust. Defendant opposes Plaintiffs' request for fees on the grounds that its argument opposing the discovery motion was substantially justified and that the amount of fees requested is unreasonable. (Defendant's Response to Plaintiffs' Motion for Attorney Fees (Doc. 157)).

A.  **SUBSTANTIAL JUSTIFICATION**

Defendant contends that its refusal to provide the requested discovery was substantially justified. Substantial justification exists where the losing party shows that it raised an issue about which reasonable minds could genuinely differ on whether that party was bound to comply with the discovery rule.  *See* Charles Alan Wright, Arthur

- 2 -

Miller, et. al., 8B *Federal Practice & Procedure* §2288 (3d ed.).

With their Motion to Compel, Plaintiffs sought responses to Requests for Production 7, 8, and 9 seeking certain financial information.[1] (*See* Plaintiff's Motion to Compel Discovery (Doc. 137); *see also* Plaintiffs' Position Statement Re Discovery Dispute (Doc. 128) Exh. 2, p. 4 (Doc. 128-1, p.18)). Defendant did not to respond to the discovery request. After informal attempts to resolve the matter failed, Plaintiff filed a Motion to Compel Discovery. Defendant opposed the Plaintiffs' Motion to Compel Discovery on the ground that a defendant's wealth is not a sufficient basis for awarding punitive damages. (Defendant's Response in Opposition to Plaintiffs' Motion to Compel (Doc. 139), p. 3 (citing *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 428 (2003) and *Mathias v. Accor Economy Lodging, Inc.,* 347 F.3d 672 (7th Cir. 2003)). According to Defendant, "[i]f it bears no relationship, then discovery on this issue should not be compelled." (*Id.*). Additionally, Defendant avowed that it did not have some of the requested documents because it had not prepared annual reports, profit and loss statements, or balance sheets.[2] (Doc. 139, p. 2). With regard to the issue of punitive damages, this Court disagreed with Defendant's position. (Doc. 145, p. 2 ("A defendant's 'financial information is relevant' where a plaintiff states a claim for punitive

---

[1] In their Motion to Compel Discovery (Doc. 137), Plaintiffs sought to compel Defendant to produce:
• Defendant's complete federal income tax returns for the years 2010, 2011, 2012, and 2013 (Request No. 7);
• All of Defendant's annual reports for shareholders, corporate audits, and applications for loans or credit published, written or submitted in the years 2010, 2011, 2012, 2013 and 2014 (Request No. 8);
• All of Defendant's balance sheets and profit and loss statements prepared by or for Defendant during or for any period in the years 2010, 2011, 2012, 2013, and 2014 (Request No. 9).
(*See* Defendant's Response in Opposition to Plaintiffs' Motion to Compel Discovery (Doc. 139) pp. 1-2; *see also* Plaintiffs' Position Statement Re Discovery Dispute (Doc. 128) Exh. 2, p. 4 (Doc. 128-1, p.18)).

[2] These particular documents pertain to Requests for Productions nos. 8 and 9. The Court acknowledged that "Defendant has none of the information requested in Requests 8 or 9." (Doc. 145, pp. 2-3).

- 3 -

damages." *See EEOC v. Cal. Psych. Transitions,* 258 F.R.D. 391, 384-95 (E.D. Cal. 2009) (citing *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 267 (1981)).

The cases Defendant cites to support its position do not discuss the issue at the discovery stage but, instead, address the reasonableness of the amount of punitive damages actually awarded. Defendant cites no case supporting its position that discovery about the defendant's wealth is off limits in a punitive damages case. The *Campbell* Court, on which Defendant relies, merely recognized that the wealth of a defendant, *alone*, could not justify an otherwise unconstitutional punitive damages award. *See Campbell,* 538 U.S. at 427. The Court went on to acknowledge that the use of wealth is neither "'unlawful [n]or inappropriate; it simply means that this factor cannot make up for the failure of other factors, such as []reprehensibility,[] to constrain significantly an award that purports to punish a defendant's conduct[.]" *Id.* at 427-28 (quoting *id.* at 591 (Breyer, J, concurring)). After *Campbell,* the Ninth Circuit has recognized that

> A punitive damages award is supposed to sting so as to deter a defendant's reprehensible conduct, *and juries have traditionally been permitted to consider a defendant's assets in determining an award that will carry the right degree of sting.* But there are limits. "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award," and "cannot make up for the failure of other factors, such as 'reprehensibility,' to constrain significantly an award that purports to punish a defendant's conduct."

*Bains v. Arco Products Co.,* 405 F.3d 764, 777 (9th Cir. 2005) (quoting *Campbell,* 538 U.S. at 427-28) (emphasis added). Consequently, controlling case law does not support Defendant's position in the context of this discovery dispute.

In opposing Plaintiffs' Motion to Compel Discovery, Defendant also argued that the information Plaintiffs sought did not address its wealth or net worth. However the Court rejected Defendant's "conclusory assertion that its wealth has been disclosed and thus financial information, specifically income tax returns, are not relevant to the question of punitive damages,…" as unsupported by the record. (Doc. 145, p. 3; *see also id.* ("Defendant has been less than forthcoming with information about Defendant's financial status….")). Defendant advances no reason why its conclusory assertion in the

briefing on the motion to compel could be considered to be substantially justified so as to preclude the award of attorney's fees.

Based on the foregoing, Defendant has failed to establish that its position in opposing the motion to compel was substantially justified or that any other circumstance makes an award of expenses unjust.

### B.  REASONABLENESS OF FEES

Plaintiffs seek $7,230.00 in attorney's fees, billed at Plaintiff's counsel's rate of $300.00 per hour, payable within thirty days of the date of the Court's ruling on their fee application. (Doc. 162, p. 6; *see also id.* at pp. 5-6; Doc. 147, pp. 6-7 (Plaintiffs seek fees for a total of 24.1 hours of counsel's time)).  Defendant argues that the time Plaintiffs' counsel spent preparing the Motion to Compel (4.5 hours) and Reply (legal research, 3.3 hours; drafting, 4.9 hours) is excessive. (Doc. 157, pp. 2-4; *see also* Doc. 147, p. 6 (time record)).

Generally, reasonable attorney's fees are calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The court determines a fee under the lodestar method by multiplying "the number of hours reasonably expended on the litigation…by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

The court "'has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination, including its decision regarding the reasonableness of the hours claimed by the prevailing party.'" *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 453 (9th Cir.2010) (quoting *Gates v. Deukmejian,* 987 F.2d 1392, 1398 (9th Cir. 1992)). The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. "In reviewing the hours claimed, the court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary." *Avoe Corp. v. AE Tech Oc., Ltd.,* 2013 WL 5324787, *4 (D. Nev. Sept. 20, 2013) (citations omitted).

Additionally, "in determining the reasonableness of hours spent in relation to a discovery motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." *Id.* (citations omitted).

Defendant argues that citations in Plaintiffs' Motion to Compel Discovery "were lifted in whole from their discovery request…which Plaintiffs admit was performed long before they began work on their motion to compel…." (Doc. 157, p.2). This is not a situation of double billing. That counsel chose to include authority in the request for production, presumably in an effort to forestall any ensuing discovery dispute about the request, should not prevent billing for that research if it became necessary to rely on same on the motion to compel.

The time records submitted reflect that Plaintiffs' counsel spent 3.3 hours performing legal research related to Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion to Compel Discovery and 4.9 hours drafting and e-filing the Reply. (Doc. 147, p. 6). In their Reply, Plaintiffs rebut Defendant's factual rendition in its Response, quote applicable procedural rules and cite related cases, and address Defendant's argument that net worth is not relevant to punitive damages. Generally, none of the case law cited or legal argument is duplicative of that set out in Plaintiffs' Motion. The Court finds the fees sought related to preparation, *i.e.,* research and drafting, of the Reply is reasonable. As for the e-filing of documents[3], activities that can be classified as clerical in nature generally cannot be recovered as attorney's fees under the lodestar methodology. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (disallowing fees for "clerical tasks"); *Davis v. City of San Francisco,* 976 F.2d 1536, 1543 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) ("time spent on clerical matters should not have been included in the attorneys' fee award….")). At oral

---

[3] Plaintiff's counsel's time record indicates time spent "[d]rafting and *filing* Plaintiff's [sic] Position Statement re discovery Dispute…" on February 18, 2015 and "Draft[ing] and *e-filing* Reply to Response to Motion to Compel…" on April 3, 2015. (Doc. 147, p. 6) (emphasis added).

- 6 -

argument, Plaintiff's counsel stated that it took three to five minutes to e-file documents. Plaintiffs' counsel's time shall be reduced by 0.1.

Plaintiffs also request fees for the Reply brief on the fees issue.  Defendant did not request leave to file a sur-reply on this issue, nor did it address same during oral argument.  The time record reflects that Plaintiffs' counsel spent .65 hours on legal research and 2.3 hours drafting the Reply (Doc. 162, p. 6).  A good portion of the argument contains a verbatim recitation of pertinent portions of Rule 37, previously discussed in Plaintiffs' fee petition, and LR Civ. 54.2.  While Plaintiffs cite cases that were not previously included in the fee petition, argument in reply to Defendant's objections did not involve complex issues or analysis.  The Court finds it reasonable to reduce the drafting time by one hour.

Based on the foregoing, Plaintiffs' counsel's time is reduced from 24.1 to 23 hours.  Plaintiffs are entitled to attorney's fees in the amount of $6,900.00 to be paid by Defendant Mauisun Computer Systems, Inc. within thirty (30) days from the date that this Order is filed.

## II. PLAINTIFFS CORNEJO AND SIERRA'S MOTION FOR FINDING OF CONTEMPT AND FOR SANCTIONS (DOC. 172).

Pursuant to Fed.R.Civ.P. 37(b)(2), which allows for the imposition of sanctions when a party fails to comply with the court's discovery order, Plaintiffs Cornejo and Sierra seek a finding of contempt and sanctions against Defendant for its failure to comply with the Court's May 6, 2015 Order (Doc. 145) granting Plaintiffs' Motion to Compel production of financial information.  Plaintiffs contend that during the June 8, 2015 deposition of Defendant's accountant Thomas G. Rooney, Plaintiffs learned for the first time "about the existence of a QuickBooks (financial management software) data file maintained by [Defendant] at its corporate office (the 'Data File')."  (Doc. 172, p. 3). According to Plaintiffs, "[t]he Data File contains financial information used by Rooney to prepare the company's tax returns, including balance sheets and profit and loss statements, for the years 2011, 2012 and 2013 (and will be used to prepare 2014)."

1  Rooney also testified that he believed that the Data Files were used by Defendant to
2  generate trial balances.  (Doc. 172, Exh. 1, p. 54 (Doc. 172-1, p.19)).  According to
3  Plaintiffs, "the Data File…contains precisely the financial information ordered to be
4  produced" pursuant to the Court's order granting the motion to compel.  (Doc. 172, p. 4;
5  *see also id.* at p.3 (the Data File "is clearly within the scope of what was ordered to be
6  produced")).  Plaintiffs assert that Defendant did not respond to their requests to produce
7  either the Data File or quarterly balance sheets generated from the Data File for the years
8  2010 through 2013 and compressed profit and loss statements for the years 2010 through
9  2013 by year.  (*Id.* at p. 4).

10  Plaintiffs request that the Court find that Defendant is in contempt because of its
11  failure to comply with the Court's Order granting Plaintiffs' Motion to Compel discovery
12  and enter an order imposing sanctions. (*See* Doc. 172, pp. 6-7 (setting out requested
13  sanctions to be imposed)).  Defendant argues that Plaintiffs never requested the Data File,
14  or underlying financial data, in their original request for production which requested
15  "prepared" balance sheets and profit and loss statements.  (Defendant's Response to
16  Plaintiffs' Motion for Finding of Contempt and Sanctions (Doc. 180), pp. 2-4; *see also id.*
17  at p. 3 ("Plaintiffs could not have based their Motion to Compel on a discovery request
18  they never made.")).  Therefore, according to Defendant, this Court's order granting the
19  Motion to Compel could not possibly have directed production of the underlying
20  financial data.  (*Id.* at pp. 2-3).  Defendant contends that Plaintiffs are, instead,
21  improperly seeking to conduct additional discovery even though the discovery deadline
22  has passed.  Defendant also argues that Plaintiffs have not indicated that they will call a
23  financial expert to testify and, therefore, will be unable to lay the proper foundation for
24  any documents generated from the files.

25  The Court agrees with Defendant that Plaintiffs did not specifically request the
26  underlying financial data that could be used to generate the documents that were the
27  subject of their requests for production. Therefore, there is no showing on this record that
28  Defendant disobeyed the Court's Order granting Plaintiffs' Motion to Compel.  There can

be no question, however, that Plaintiffs have diligently attempted to obtain financial information and Defendant has strenuously objected to Plaintiffs' discovery requests related to financial information all of which resulted in the filing of Plaintiffs' Motion to Compel Discovery. Moreover, Defendant's co-owner David Dettloff referred Plaintiffs' counsel to Rooney when asked about financial information.

The discovery deadline closed on May 1, 2015 (Doc. 135), while Plaintiffs' Motion to Compel and Defendant's Motion to Quash[4] were pending. The Court resolved the discovery motions on May 6, 2015, and a protective order regarding the records produced pursuant to the May 6th Order was entered on June 3, 2015. (Docs. 145, 159). It was reasonable for Plaintiffs to wait to depose Rooney until after resolution of the discovery disputes regarding the financial information[5], and after they had received the financial data ordered produced. Had the discovery dispute not been ongoing when discovery closed, Plaintiffs would have been able to depose Rooney and seek the Data File within the discovery deadline. Although Defendant points out that Rooney did not specifically testify that the Data File contained balance sheets or income statements, it is undisputed that a profit and loss statement could be generated by "crunching" Defendant's financial data. (Doc. 180, p. 5). As for objections about whether Plaintiffs can establish the proper foundation for that information at trial, that issue is a matter to be addressed later on motions in limine.

---

[4] While Plaintiffs' Motion to Compel was pending, Defendant filed a Motion to Quash or Modify Subpoena (Doc. 138) issued to Rooney which was also resolved in the Court's May 6, 2015 Order (Doc. 145). Plaintiffs state that the first document received in response to the May 6, 2015 Order compelling production arrived on June 3, 2015. (Plaintiffs' Reply (Doc. 183) p.5).

[5] Plaintiffs also represent to this Court that Defendant's co-owners David Dettloff and Pamela Workman-Parker declined to answer questions at their deposition regarding Defendant's finances, and that Dettloff directed such questions to Rooney. (Doc. 183, p. 5).

- 9 -

A pretrial scheduling order may be modified for good cause and with the Court's consent. *In re Western States Wholesale Natural Gas Antitrust Litigation,* 715 F.3d 716, 737 (9th Cir. 2013). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [good cause] inquiry is upon the moving party's reasons for seeking modification…[i]f that party was not diligent, the inquiry should end." (*Id.* (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)). As discussed *supra*, Plaintiffs have diligently sought financial data relating to Defendant. Moreover, the Court has previously ordered production of the end product of the data reflected in the Data File. Defendant has not shown any prejudice resulting from disclosure of the Data File.

Although Plaintiffs are not entitled to sanctions pursuant Rule 37(b)(2), under the instant circumstances good cause exists to extend the discovery deadline for the limited purpose of requiring Defendant to produce the Data File. Accordingly, the Court construes Plaintiffs' motion as a request to extend the discovery deadline for the purpose of ordering production of the Data File for the years at issue and finds good cause to do so.

### III.   CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Plaintiffs Cornejo and Sierra's Application for Attorney's Fees Re Motion to Compel (Doc. 147) is GRANTED to the extent that Plaintiffs are entitled to attorney's fees in the amount of $6,900.00  Defendant Mauisun Computer Systems, Inc., shall pay this sum within **thirty (30) days** from the date that this Order is filed.

IT IS FURTHER ORDERED that Plaintiffs Cornejo and Sierra's Motion for Finding of Contempt and for Sanctions (Doc. 172) is DENIED IN PART and GRANTED IN PART. The Motion is denied to the extent that Plaintiffs request, pursuant to Rule 37(b)(2), a finding of contempt and entry of sanctions against Defendant Mauisun Computer Systems, Inc. The Motion is granted to the extent the Court construes

Plaintiffs' request as a motion to extend the discovery deadline and, finding good cause, ORDERS that discovery is reopened for the limited purpose of directing Defendant to provide the Data File for the years at issue to Plaintiffs no later than **fourteen (14) days** from the date that this Order is filed.

Dated this 10th day of February, 2016.

_____
Bernardo P. Velasco
United States Magistrate Judge

- 11 -